IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

|  |  |  |
|---|---|---|
| GRANVILLE ELAM, | ) | |
| | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01141-STA-jay |
| | ) | |
| TENNESSEE ATTORNEY GENERAL JONATHAN SKRMETTI, | ) ) | |
| | ) | |
|     Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY THE DOCKET
AND
RESPONDENT TO RESPOND TO THE AMENDED PETITION**

On July 1, 2022, Petitioner Granville Elam filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2254. (ECF No. 1.) On preliminary review of the pleading pursuant to Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts* ("Rules"), the Court directed Petitioner to file an amended petition using this district's official § 2254 form. (ECF No. 8.) Elam submitted the Amended Petition on October 7, 2022. (ECF No. 9.) The pleading is now before the Court for preliminary review.

The Amended Petition challenges Elam's June 28, 2021, Lake County, Tennessee, Circuit Court convictions and sentences on three counts of aggravated assault. (*Id.* at 1.) Specifically, the document asserts that Petitioner was "wrongly convicted of aggravated assault" (Claim 1); that he was improperly indicted on charges that "had been dismissed for lack of evidence [at a] pretrial hearing" (Claim 2), that the "sentence length of 3 years is void" due to an error on the "judgment sheet" (Claim 3), and that defense counsel rendered ineffective assistance by failing to argue that

petitioner was wrongfully convicted (Claim 4A), improperly indicted (Claim 4B), and improperly sentenced (Claim 4C).[1]  (*Id.* at 5-10.)

Respondent Jonathan Skrmetti[2] is **ORDERED** to file a response to the Amended Petition within twenty-eight days of entry of this order.  *See* Rule 5(a)-(d).  For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses.  Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses.  Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument.  The response shall include the complete state-court record, as defined in Administrative Order 16-31.[3]  The record shall be organized and appropriately indexed in the manner specified in

---

[1] Petitioner represents on the last page of the Amended Petition that he was "released [on] 09/27/2022."  (ECF No. 9 at 14.)  Because Claim 3 challenges Petitioner's sentence, it may be that the claim is now moot in light of Elam's release.  *See Spencer v. Kemna,* 523 U.S. 1, 7 (1998).  However, it is not possible from the face of the Amended Petition to determine if Petitioner is currently serving a term of parole that might render Claim 3 a live case or controversy or whether relief on Claim 3, if merited, would impact the length of parole.

[2]  The Clerk is **DIRECTED** to substitute Tennessee Attorney General Jonathan Skrmetti as Respondent.  *See* 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).

[3] The party filing a document has the burden of ensuring the proper protection of sensitive information and taking measures to seal such information where appropriate.  *See* Electronic Case Filing Attorney User Manual for the United States District Court, Western District of Tennessee, Section I.A.13; *see also* Electronic Case Filing Policies and Procedures Manual for the United

Administrative Order 16-31.  Each docket entry in CM-ECF shall have a label corresponding to the index.

It is further **ORDERED** that the Clerk send a copy of the Amended Petition and this order to Respondent by certified mail.  *See* Rule 4.

Pursuant to Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight days of service.  Petitioner may request an extension of time to reply by filing a motion on or before the due date of his reply.

Petitioner is advised that he must keep the Court apprised of his whereabouts by filing a notice of change of address with the Clerk of Court any time his residence changes during the pendency of this case.  Failure to notify the Clerk may result in dismissal of the case and the Petition for non-compliance with this directive and for lack of prosecution.  *See* Fed. R. Civ. 41(b).

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: November 22, 2022

---

States District Court Western District of Tennessee, Section 8 Sealed Documents, https://www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf (last accessed Nov. 22, 2022).