IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| GRANVILLE ELAM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )   No. 1:22-cv-01141-STA-jay |
| | ) |
| PAUL THOMAS, Sheriff, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM OF LAW IN SUPPORT OF RESPONDENT'S
MOTION TO DISMISS HABEAS CORPUS PETITION**

In response to this Court's order filed on November 22, 2022, (ECF No. 10), Respondent has moved this Court to dismiss with prejudice the habeas corpus petitioner pursuant to 28 U.S.C § 2254(a), Rules 4 and 8(a) of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules"), and Federal Rule of Civil Procedure 12(b)(6). In support of that motion, Respondent submits this memorandum of law. Respondent also relies upon the Index of State Court Record, which was previously filed. (ECF No. 12.) Petitioner's release from custody following the expiration of his sentence renders the petition moot as it does not appear there is a live case or controversy. Despite the mootness of the instant petition, both the face of the petition and the record presented reflect that the claims contained within the habeas corpus petition, if cognizable and sufficiently pled under Habeas Rule 2(c), are procedurally defaulted and there are no state-court remedies available. For the reasons stated, the Court should dismiss the petition with prejudice.

## I. PROCEDURAL HISTORY

On March 18, 2019, Petitioner was indicted by a Lake County grand jury in case number 19-CR-10590 for one count each of retaliation for past action, aggravated assault, aggravated domestic assault, and assault. (ECF No. 12-2, PageID 98-99.) On March 9, 2020, Petitioner was indicted by a Lake County grand jury in case number 20-CR-10677 for one count of aggravated assault that resulted in the death of the victim. (*Id.* at PageID 100.) On June 28, 2021, Petitioner globally resolved both criminal cases by entering a guilty plea for two counts of aggravated assault from case number 19-CR-10590 and one count of aggravated assault from case number 20-CR-10677. (ECF No. 12-4.) In entering this guilty plea, Petitioner accepted an agreed upon total effective sentence of six years to serve with the Tennessee Department of Corrections. (*Id.* at PageID 112.) Petitioner's remaining indicted offenses in case number 19-CR-10590 were dismissed in settlement. (ECF No. 12-3, PageID 101, 107.) By accepting this plea agreement, Petitioner knowingly waived his right to a direct appeal.[1] (ECF No. 12-4, PageID 111.) Petitioner did not seek post-conviction collateral review in state-court.

On July 1, 2022, Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C § 2254. (ECF No. 1.) On the top of Petitioner's handwritten motion, Petitioner represented that

---

[1] Under Tennessee law, as a general rule, entering a plea of guilty to a criminal offense waives the right to appeal. *See State v. McKissack*, 917 S.W.2d 714, 715 n.1 (Tenn. Crim. App. Nov. 29, 1995). This rule is subject to narrowly defined exceptions in Tenn. R. App. P. 3(b)(2) and Tenn. R. Crim. P. 37(b)(2). In relevant part, Tenn. R. App. P. 3(b)(2) states, "In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals . . . on a plea of guilty . . . if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence . . ." Tenn. R. Crim. P. 37(b)(2) provides, "The defendant or the state may appeal any order or judgment in a criminal proceeding when the law provides for such appeal. The defendant may appeal from any judgment of conviction on a plea of guilty . . . the defendant seeks review of the sentence and there was no plea agreement under [Tenn. R. Crim. P. 11(c)] . . ." Petitioner did not qualify for any of the narrow exceptions as he accepted a plea agreement that concerned his sentence.

he drafted the petition on June 26, 2022.[2] (*Id.* at PageID 5.) There is no indication of when Petitioner's handwritten petition was handed to prison authorities for mailing. The envelope is post-marked June 29, 2022. (ECF No. 1-2.) In an order filed on September 7, 2022, this Court directed Petitioner to file an amended petition. (ECF No. 8.) TOMIS records indicate that Petitioner was released on September 27, 2022 following the expiration of his sentence. (Attachment 1.) Petitioner filed an amended petition on October 7, 2022. (ECF No. 9.) In an order filed on November 22, 2022, this Court directed Respondent to file a response to the petition. (ECF No. 10.) With this memorandum, Respondent has submitted an Index of the State Court Record with the relevant portion of the state-court record attached, (ECF No. 12), and a Motion to Dismiss. (ECF No. 13).

## II.     ARGUMENT

**A.    The Habeas Corpus Petition Should Be Dismissed Because Petitioner's Release From Custody Renders The Petition Moot.**

Under 28 U.S.C. § 2254(a), a district court ". . . shall entertain an application for writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Constitution limits federal courts' jurisdiction to actual cases or controversies. U.S. Const. art. III, § 2, cl. 1. This means that "federal courts lack constitutional authority to decide moot questions." *North Carolina v. Rice*, 404 U.S. 244, 245-46 (1971). When a petitioner files

---

[2] Under Sixth Circuit precedent, the date the petitioner signs the document is deemed to be the date of handing to prison authorities for mailing. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008); *see also Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (holding that an application is deemed filed when handed to prison authorities for mailing to the federal court). Petitioner represented that the initial handwritten petition was drafted on June 26, 2022. (ECF No. 1, PageID 18.) Accordingly, in the interest of giving Petitioner the benefit of the earliest possible filing date, Respondent assumes for the sake of argument that the petition is treated as filed on that date.

3

his petition while in custody but is then later released, "the question is whether [the court] is still faced with a case or controversy under Article III, § 2 of the U.S. Constitution." *Spencer v. Kemna,* 523 U.S. 1, 7 (1998). To obtain relief following the release from custody after the expiration of a sentence, "a petitioner must demonstrate he was in custody at the time he filed the petition and his release did not render the petition moot." *Id.*

A petitioner no longer in custody can meet the case-or-controversy requirement by demonstrating he suffers from collateral consequences of the prior detention that are "concrete" and a "continuing injury other than the now-ended incarceration" that is "likely to be redressed by a favorable judicial decision." *Id.* at 7-8; *see also Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). If the collateral consequences are conjectural or hypothetical in nature, this harm will not suffice. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 103 (1998). A case is also moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496 (1969).

A petitioner has the burden of demonstrating that he suffers from collateral consequences sufficient to meet Article III's concrete injury requirement. *Spencer,* 523 U.S. at 13-14. Here, Petitioner was incarcerated at the time he filed his initial handwritten petition for federal habeas corpus relief. (*See* ECF No. 1-2.) Since that time, Petitioner has been released from custody after his sentence expired. Tennessee Department of Corrections indicates that Petitioner was released after the expiration of his sentence and is therefore not currently on parole. (Attachment 1). This means that while the "in custody" requirement under 28 U.S.C. § 2254(a) would be satisfied at the time of filing the petition, it is Petitioner's burden to demonstrate that the three claims he has now raised are not moot. Petitioner has not—and cannot—do so.

The expiration of Petitioner's sentence, and his subsequent release, ended the capacity of this Court to grant meaningful relief. Claim One of the petition sets forth two arguments. (ECF No. 9, PageID 60.) First, Petitioner alleges that the judgment sheet notated a minimum service percentage that was different than what he reportedly agreed to in accepting a settlement agreement. (*Id.*) Second, Petitioner alleges that he was "wrongfully convicted of aggravated assault," but based on the provided supporting facts, Petitioner has not raised a claim of actual innocence, but rather avers he should have been charged on the lesser offense of simple assault rather than aggravated assault. (*Id.*) Claim Two of the petition alleges that Petitioner should not have been indicted in case number 19-CR-10590 on two counts of aggravated assault because these charges were dismissed at the conclusion of a preliminary hearing in Lake County General Sessions Court. (*Id.* at PageID 61.) As stated in the supporting facts, Petitioner accepted a settlement agreement as to these indicted offenses. (*Id.*) Finally, Claim Three of the petition alleges that there is a clerical error on Petitioner's judgment sheet, wherein the judgment sheet states that the agreed upon sentence in case number 19-CR-10589—which was a criminal case associated with Petitioner that was dismissed—is to run consecutive to that in case number 20-CR-10677. (ECF No. 12-3, PageID 109.) Instead, the judgment sheet should have read "consecutive to case number 19-CR-10590." In Petitioner's opinion, this renders his sentence for this offense void. (ECF No. 9, PageID 63.)

While there is no specific allegation of a violation of federal constitutional law alleged in any of Petitioner's three claims for relief, even if such could be conceivable, Petitioner has not demonstrated that there is a concrete injury outside of the now-ended incarceration that would likely be redressed by a favorable judicial decision—if procedurally proper before this Court. Petitioner has already served the agreed upon sentence attached to all three of the instance claims

and it not on parole for any of these offenses. Stated another way, Petitioner has been unconditionally released from confinement. There are no actual collateral consequences to consider in this case because there are no concrete or continuing in juries, or deprivations, to Petitioner. Because it appears that there is a lack of a "legally cognizable interest in the outcome" as to this claim, Petitioner's petition should be rendered moot as the consideration of his claims is no longer ripe for review by this Court following the expiration of Petitioner's sentence and release from custody.

**B.     If This Court Finds the Petition Ripe for Review, The Petition Should Be Dismissed As Petitioner Does Not Raise a Cognizable Claim on Federal Habeas Review.**

If this Court were to determine that Petitioner's unconditional release from confinement and expiration of sentence does not render the instant petition moot, the petition should still be dismissed as Petitioner does not raise a cognizable claim on federal habeas review. While Respondent would assert that all three of Petitioner's claims lack cognizability under 28 U.S.C. § 2254(a) because none of the three claims allege a violation of federal law, Respondent specifically notes that Claims One and Three are plainly issues of state law as they relate to non-fatal clerical errors on criminal judgment sheets. (ECF No. 9, PageID 60, 63.)

Pursuant to 28 U.S.C. § 2254(a), a federal district court may entertain a petition for writ of habeas corpus relief by a person in custody as a result of a state-court conviction "only on the ground that he is in custody by violation of the Constitution or law or treaties of the United States." Stated another way, "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991); *see also Pulley v. Harris,* 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."). Because Petitioner's substantive claims appear to be on the basis of perceived errors of state law, the petition must be dismissed.

In his petition, Petitioner does not—cursory or otherwise—make an actual allegation of a constitutional or federal law violation in any of his claims and therefore, all three claims lack cognizabilty under 28 U.S.C. § 2254(a). Specifically, Claim One in the petition states "[Petitioner] noticed [his] percentage agreed to was wrong on [his] judgment sheet [and] [Petitioner] was wrongly convicted of aggravated assault." (ECF No. 9, PageID 60.) In support of this claim, based on the information provided by Petitioner, it appears that—at most—there was a clerical error on Petitioner's judgment sheet. However, being that Tennessee state law requires at least seventy-five percent of a sentence for aggravated assault that results in a death to be served prior to release eligibility is considered, it is not inconceivable that this is not a true clerical error. *See* Tenn. Code Ann. § 40-35-501(k)(7). At its core, Petitioner asserts a non-fatal clerical error and adjustments to judgments on the basis of a clerical errors is a state-law matter. *See State v. Wooden,* 478 S.W.3d 585, 595 (Tenn. 2015) (explaining the three categories of sentencing errors and stating that only "fatal errors" which are "so profound as to render the sentence illegal and void" because the sentence is one "that is not authorized by the applicable statutes or that directly contravenes an applicable statute" is the only kind of error that could render a sentence illegal under Tenn. R. Crim. P. 36.1(a).). The second component of Claim One is also lacking in cognizability because it does not raise an issue of constitutional of federal law—vaguely or otherwise.

Similarly, Claim Two is also lacking in cognizability because it also does not raise a violation of constitutional or federal law. Lastly, Claim Three states that "[c]ount [one] on [his] judgment sheet that runs consecutive to [counts two and three] Is inaccurate. The case number is wrong." (ECF No. 9, PageID 63.) In support of this claim, Petitioner states that on the judgment sheet associated with case number 20-CR-10677, the judgment sheet states that the agreed upon

7

sentence in case number 19-CR-10589—which was a criminal case associated with Petitioner—is to run consecutive to that in case number 20-CR-10677. (ECF No. 12-3, PageID 109.) As previously mentioned, the judgment sheet should have instead read "consecutive to case number 19-CR-10590." In Petitioner's opinion, this renders his sentence for this offense void. (ECF No. 9, PageID 63.) Nonetheless, this is again a non-fatal clerical error in connection with Petitioner's sentence and is a matter of state law, not constitutional or federal law.

Therefore, if this Court were to determine the instant petition ripe for review despite Petitioner's unconditional release and expiration of sentence, the petition should be dismissed as Petitioner does not allege any cognizable claim on federal habeas review pursuant to 28 U.S.C. § 2254(a).

C.  **Any Conceivable Broader Federal Claim Arising from Petitioner's Presented Claims for Relief Are Insufficiently Pled Under Habeas Rule 2.**

If this Court were to determine that the claims contained within the instant petition are not only perceived errors of state law, but rather contain allegations of violations of federal constitutional law, these claims should be dismissed as they do not comply with Habeas Rule 2(c). Respondent asserts that all three of Petitioner's claims do not meet the standard of Rule 2(c) because none of the claims more than vaguely—if at all—could be read as an assertion of a violation of federal constitutional law. Habeas Rule 2(c) provides that a petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See McFarland v. Scott*, 512 U.S. 849, 860 (1994) ("[T]he habeas petition, unlike a complaint, must allege the factual underpinning of the petitioner's claims."). "[N]otice pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4, Habeas Rules, advisory committee's note; *see also Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (Rule 2(c) demands more than the "fair notice" required in Fed. R. Civ. P. 8. in order to

8

assist the district court in determining whether the case can be summarily dismissed). Thus, because Respondent and this Court are left to speculate as to the specific federal constitutional violation with little support from the provided factual basis underlying the presumed claim, the claims should be dismissed for failure to fulfill the pleading requirements of Rule 2(c).

Even in acknowledging the duty to liberally construe Petitioner's pro se filings, Petitioner's petition clearly fails to allege a conceivable federal constitutional violation. *See Estelle,* 429 U.S. at 106; *see also Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding that, however "inartfully pleaded," allegations in a pro se complaint are held to "less stringent standards than formal pleadings drafted by lawyers."). The second component of Claim One avers that Petitioner was "wrongfully convicted of aggravated assault." (ECF No. 9, PageID 60.) In support of this claim, Petitioner states that he "only struck [the victim] once and broke his jaw," that the victim "died [two or three] months" after the aggravated assault occurred, but that "[Petitioner] felt like if anything [he] should have been charged with assault" instead of aggravated assault. (*Id.*) While it is possible that a broader federal constitutional claim concerning the sufficiency of evidence could be conceivable here, Respondent and this Court are only left to speculate and speculation is insufficient under Rule 2(c).

Similarly, Claim Two in the petition states that "[c]ounts [two and three] had been dismissed for lack of evidence in pretrial hearing but later was indicted on both. Lawyer never tried to dispute. [Petitioner] did reject first offer and asked for a trial." (ECF No. 9, PageID 61.) In support of this claim, Petitioner adds that he "accepted a total of [six] years at [thirty] percent" three weeks after he requested a trial in this matter. (*Id.*) While it appears that Petitioner's claim is rooted in confusion over which offenses the prosecution elected to prosecute following the

preliminary hearing,[3] if there is any constitutional or federal law violation conceivable here, it is also insufficiently pled under Rule 2(c).  Moreover, the first component of Claim One and Claim Three do not, even in the most general way, reference constitutional or federal law.  Because Respondent and this Court are left to speculate on what the alleged constitutional or federal law violations are in the entire petition, Petitioner's claims should be dismissed for failure to fulfill the pleading requirements of Rule 2(c).

**D.    Lastly, The Habeas Corpus Petition Should Be Dismissed Because Any Conceivable Broader Federal Claim Arising from Petitioner's Presented Claims For Relief Are Procedurally Defaulted.**

Lastly, while Petitioner does not actually allege any violations of constitutional or federal law in his petition—in accordance with Habeas Rule 2 or otherwise—even if a broader federal claim could be interpreted for one or all of Petitioner's claims, all conceivable federal claims would be procedurally defaulted for lack of exhaustion and barred from review as Petitioner has never before presented these claims to the state appellate court or state supreme court.  State-court remedies are no longer available on any conceivable broader federal claims associated with the claims raised here because the statute of limitations for filing a petition for post-conviction relief

---

[3] For context, as it relates to the indicted aggravated assault in Court 2 in case number 19-CR-10590, this charged offense was not dismissed in general sessions court following a preliminary hearing, but rather bound over to the grand jury on the amended charge of simple assault. (ECF No. 12-1, PageID 95-97.)  When presented to the grand jury, it was presented as an aggravated assault against victim Bobby Spicer and the grand jury returned a true bill. (ECF No. 12-2, PageID 98.)  As it relates to the indicted aggravated domestic assault in Count 3 in case number 19-CR-10590, it appears Petitioner was initially charged on alternative theories of assault. (ECF No. 12-1, PageID 83-85, 92-94.)  The domestic assault charge was not dismissed or amended following a preliminary hearing, however the aggravated assault was amended to a simple assault. (*Id.* at PageID 93, 85.)  When presented to the grand jury, the aggravated assault charge involving a victim with a domestic relationship to Petitioner, in this count Martha Marlowe, was put before the grand jury for consideration, and the grand jury returned a true bill. (ECF No. 12-1, PageID 98.)

in state court has expired.  *See* Tenn. Code Ann. § 40-30-102(a).  For this final alternative reason, the instant petition should be dismissed with prejudice.

Pursuant to 28 U.S.C § 2254(b), a federal habeas corpus petitioner must exhaust the available state-court remedies prior to seeking federal habeas corpus relief.  28 U.S.C § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).  In Tennessee, state-court remedies will be deemed exhausted once a claim has been presented to the Tennessee Court of Criminal Appeals or the Tennessee Supreme Court and relief has been denied.  Tenn. R. Sup. Ct. 39; *see Adams v. Holland*, 330 F.3d 398 (6th Cir. 2003).  To properly exhaust a claim, a petitioner must fairly present the federal claim through the state's appellate court system.  *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).  If a petitioner never presented a claim in state court, and no state-court remedy remains available to review the merits of the claim, the claim is "technically exhausted", but procedurally defaulted.  *Coleman v. Thompson,* 501 U.S. 722, 732 (1991); *see also Atkins v. Holloway,* 792 F.3d 654, 657 (6th Cir. 2015).  A federal court may consider a procedurally defaulted claim if a petitioner demonstrates "cause" to excuse his failure to present the claim and "actual prejudice" stemming from the alleged constitutional violation.  *Id.* at 748.

Here, Petitioner's claims are procedurally defaulted under 28 U.S.C. § 2254(b) because he failed to exhaust his state-court remedies while they remained available to him.  Although Petitioner waived his right to a direct appeal by accepting a settlement agreement which included an agreed upon sentence, Petitioner had an available state-court remedy available to him if he wished to seek relief on the issues raised here.  To have properly exhausted any possible broader conceivable federal claims attached to the issues presented here, Petitioner should have, but did not, raise these issues and any associated federal law violations in a petition for post-conviction collateral review in the trial court within one-year from when his judgment became final.  *See*

11

Tenn. Code Ann. § 40-30-102(a). If Petitioner was not granted relief by the post-conviction trial court, he would have been able present the issues to the Tennessee Court of Criminal Appeals for consideration. *See* Tenn. R. App. P. 3(b). Only then would Petitioner's claims be deemed exhausted on federal habeas review —assuming any broader conceivable federal claims were also presented. Petitioner, however, took none of the above actions and the opportunity to do so has expired. *See* Tenn. Code Ann § 40-30-102(a). Therefore, Petitioner has no available state-court remedy to exhaust any broader conceivable federal claims associated with the allegations of perceived errors of state law here.

Because Petitioner has never before presented the claims in the instant petition—or any broader conceivable federal claim—to state court for review, and no available state-court remedies available, the petition should be dismissed with prejudice as the petition is procedurally defaulted for lack of exhaustion and barred from review.

### III.   CONCLUSION

For all of the aforementioned reasons, Petitioner's habeas corpus petition should be dismissed with prejudice.

Respectfully submitted,

JONATHAN SKRMETTI
Attorney General and Reporter

*/s/ Sarah J. Stone*
SARAH J. STONE
Assistant Attorney General
Federal Habeas Corpus Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 253-1967
Sarah.Stone@ag.tn.gov
B.P.R. No. 038824

12

## **CERTIFICATE OF SERVICE**

I certify that the foregoing Memorandum of Law was filed electronically on December 5, 2022. A true and correct copy of that filing was forwarded on the same day by Federal Express Mail to:

Granville Elam
135 Milan Arsenal Highway
Milan, TN 38358

>                     */s/ Sarah J. Stone*
>                     SARAH J. STONE
>                     Assistant Attorney General